## CIRCUIT COURT OF ARLINGTON COUNTY

Shteir Dunn

v.

Smith and
Arlington Hospital Association

January 28, 1992

Case No. (Law) 91–211

BY JUDGE THOMAS R. MONROE

This case came before the court on January 24, 1992, on plaintiff's Motion to Compel the Production of Documents by defendant Arlington Hospital Association. The documents sought are:

certain protocols, agreements, regulations and/or policies applicable to Defendant's treatment of patients with chest pain, Defendants' use of medical students and residents, and criteria for admission to the Intensive Care Unit.

I have given careful consideration to Virginia Code Section 8.01–581.17, the authorities provided, and the able arguments of counsel, and plaintiff's Motion to Compel is denied.

Section 8.01–581.17 makes the proceedings, minutes, records and reports of any medical staff committee privileged communications which may not be obtained by discovery unless the court orders their disclosure on a showing of good cause arising from extraordinary circumstances. No such showing has been made in this case, and lacking such a showing, this court will not engage in judicial legislating. The General Assembly set forth the policy, and this court will not alter it.

Plaintiff cites *Johnson v. Roanoke Memorial Hospitals*, 9 Va. Cir. 196, 199 (1987), to support the premise that defendant's depersonalized protocols, policies and/or regulations, effective for 1990, regarding the treatment of patients with chest pain are not privileged and therefore discoverable. However, this court disagrees with plaintiff's application of *Johnson* to the case at bar.

Rule 4:1 provides that discovery is permitted regarding any matter, unless privileged, which is relevant to the subject matter involved and it is not ground for objection that the information sought will not be admissible at the trial. Even in dicta, Judge Coulter, in *Johnson*, admitted that measuring the likelihood that discovery may lead to admissible evidence is left to the "wide discretion of the trial court," *Id.* at 201. In *Johnson*, the court in its use of that "wide discretion" found that "full and open discovery" was the "order of the day" and allowed the plaintiff "opportunity to explore the full potential of the documents at issue." However, this court is unpersuaded by Judge Coulter's dicta and finds that in the case at bar under Rule 4:1, discovery of the documents sought is not reasonably calculated to lead to discovery of admissible evidence.

For the foregoing reasons, the Motion to Compel is denied.